PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY GRANBERRY SR., | ) | |
| | ) | CASE NO.  4:25CV0431 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| TAMMIE JONES, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 2] |

**I. Background**

*Pro Se* Plaintiff Jerry Granberry Sr. filed an *in forma pauperis* complaint in the above-entitled action against Columbiana County, Ohio Assistant Prosecuting Attorney Tammie Jones. *See* Complaint (ECF No. 1).  In his complaint, Plaintiff contends Defendant deprived him of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963) and 42 U.S.C. § 14141[1] in his state criminal case.  *See* ECF No. 1 at PageID #: 2-3, ¶¶ II(A) and III.   For relief, he seeks damages and to "overturn [his] conviction."  *See* ECF No. 1 at PageID #: 3-4, ¶ IV.

The docket of the Columbiana County, Ohio Court of Common Pleas shows that Plaintiff was convicted after a bench trial on charges of compelling prostitution, attempted unlawful sexual conduct with a minor, engaging in prostitution, and possessing criminal tools; and that, after his convictions were upheld on appeal, *State v. Granberry*, No. 24 CO 0008, 2025 WL 290201 (Ohio App. 7th Dist. Jan. 15, 2025), appeal not allowed, 178 Ohio St.3d 1471 (May 13, 2025), he had been ordered to self-report to the Columbiana County Jail not later than February

---

[1] 42 U.S.C. § 14141 has been transferred to 34 U.S.C. § 12601.

(4:25CV0431)

10, 2025.  On February 7, 2025, Plaintiff filed a Motion to Continue Commencement of Sentence.  Thereafter, Plaintiff filed a Notice of Appeal from the Judgment Entry that required him to self-report to the Columbiana County Jail to begin serving his prison sentence.  *See* *State v. Granberry*, No. 2022 CR 636 (Columbiana Cnty. Ct. Common Pleas filed Oct. 14, 2022). That appeal remains pending.  *See* *State v. Granberry*, No. 2025 CO 00004 (Ohio App. 7th Dist. filed Feb. 26, 2025).  Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted, and for the following reasons, the Complaint (ECF No. 1) is dismissed.

## II.  Standard of Review and Analysis

District courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissal for failure to state a claim under § 1915(e)(2)(B).  *Hill*, 630 F.3d at 470-71.  In order to survive a dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Id.*  The allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations . . . are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555.

Upon review, the Court finds that the Complaint (ECF No. 1) warrants summary dismissal pursuant to § 1915(e)(2)(B).

2

(4:25CV0431)

The Court has already dismissed a prior action Plaintiff filed seeking damages against Assistant Prosecuting Attorney Jones on the basis she violated Plaintiff's rights in his state criminal case.  *See* *Granberry v. Jones*, No. 4: 24CV2229, 2025 WL 638959 (N.D. Ohio Feb. 27, 2025).  Plaintiff's prior action was dismissed because prosecutors enjoy absolute immunity from damages liability for acts performed as advocates of the state, and Plaintiff's claims challenging the validity of his state conviction are non-cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Granberry*, 2025 WL 638959, at *2.

The present action by Plaintiff against Defendant is barred by the doctrine of claim preclusion, sometimes referred to as *res judicata*, which mandates that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties, with respect both to every matter that was actually litigated in the first case, as well as to every ground of recovery that might have been presented.  *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see also* *Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997) (affirming dismissal of *pro se* action on the basis of claim preclusion).

Claim preclusion applies when there is (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.  *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). These elements are present here.  Plaintiff has already filed a lawsuit against Assistant Prosecuting Attorney Jones relating to his state criminal case, he raised or could have raised the

3

(4:25CV0431)

claims he asserts here in the prior action, and the Court entered a final, valid decision on the merits dismissing his claims.

Furthermore, to the extent Plaintiff seeks damages, his action warrants dismissal for the same reasons the Court dismissed his prior complaint against Defendant.  And to the extent he seeks to overturn his criminal conviction, the Complaint (ECF No. 1) fails to state a claim for the additional reason that a civil rights action is not the appropriate mechanism to challenge the legality of a state conviction or sentence.  "The proper vehicle to challenge a conviction is through the state's appellate procedure and, if that fails, habeas relief under 28 U.S.C. 2254." *Jackim v. City of Brooklyn*, No. 1: 05CV1678, 2010 WL 4923492, at *4 (N.D. Ohio Nov. 29, 2010) (citation omitted).

### III.  Conclusion

For the foregoing reasons, the Complaint (ECF No. 1) is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


___June 20, 2025___                         ___/s/ Benita Y. Pearson_____
Date                                                          Benita Y. Pearson
                                                                   United States District Judge

4